# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS ANTONIO ALVAREZ TAPIA,<br><br>Defendant. | Case No.: 3:19-cr-3673-DMS<br><br>**ORDER DENYING MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582** |

Pending before the Court is Defendant Luis Antonio Alvarez Tapia's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). For the following reasons, the Court denies Defendant's motion.

## I.
## BACKGROUND

On January 2, 2020, Defendant pled guilty to importation of 500 grams or more of methamphetamine (mixture) in violation of 21 U.S.C. §§ 952 and 960. (ECF Nos. 21–22.) On September 11, 2020, the Court sentenced Defendant to 36 months in custody to be followed by 3 years of supervised release. (ECF Nos. 30–31.)

Defendant, proceeding *pro se*, filed a motion for compassionate release pursuant to 19 U.S.C. § 3582(c)(1)(A)(i) on March 23, 2021. (ECF No. 32.) Pursuant to General Order No. 692-B, the Court referred the matter to Federal Defenders of San Diego, Inc.

1  ("Federal Defenders") to evaluate whether Defendant qualifies for a sentence reduction
2  under § 3582(c)(1)(A)(i). (ECF No. 33.) On April 15, 2021, Federal Defenders filed a
3  status report with the Court indicating Defendant may qualify for a sentence reduction and
4  that he would benefit from the assistance of counsel. (ECF No. 37.) The Court appointed
5  Mr. Frank Torres Morell as defense counsel. (ECF No. 39.) Defendant filed supplemental
6  briefing on May 24, 2021. (ECF No. 40.) The government filed an opposition to
7  Defendant's motion on June 7, 2021. (ECF No. 41.) Defendant did not file a reply.

## II.

## DISCUSSION

In general, a court may not modify a sentence of incarceration once it has been imposed, unless expressly permitted by Rule 35 of the Federal Rules of Criminal Procedure or by statute. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). The First Step Act ("FSA") is such a statute. *See* Pub L. 115-391, 132 Stat. 5194, 5239 (2018). Among the criminal justice reforms implemented by the FSA, Congress amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to move a district court for compassionate release.

The FSA allows a district court to modify a sentence and grant compassionate release if it finds "extraordinary and compelling reasons warrant such a reduction," the proposed reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and a reduction would comply with 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A). Until recently, courts applied the policy statement found at U.S.S.G. § 1B1.13. However, in *United States v. Aruda*, the Ninth Circuit held the current policy statement is not applicable to motions for compassionate release filed by a defendant under the FSA. 993 F.3d 797, 802 (9th Cir. 2021). As the movant, Defendant bears the burden of establishing that she is eligible for a sentence reduction. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

However, a defendant may only seek compassionate release from a court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt

2

3:19-cr-3673-DMS

of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). "The burden rests with the Defendant to provide proof that he has met the exhaustion criteria set forth in § 3852(c)(1)(A)." *United States v. Perez*, No. 18CR4145-H, 2020 WL 4732056, at *2 (S.D. Cal. Aug. 14, 2020). Here, while Defendant asserts that he "submitted a request for reduction in sentence with the warden of his facility . . . [which] has gone unanswered" (ECF No. 40 at 3), he provides no documentation or other evidence that would support a finding that he exhausted his administrative rights. The Court therefore finds that Defendant has failed to satisfy the FSA's exhaustion requirement.

Furthermore, even if Defendant had satisfied the administrative exhaustion requirement, his motion would nonetheless fail for a lack of "extraordinary and compelling" reasons justifying release. Defendant argues he is entitled to release under Section 3582(c)(1)(A)(i) because his advanced age and various health conditions—including hypertension—place him at a high risk of experiencing severe complications from COVID-19. (ECF Nos. 32 at 2, 40 at 3–5. 40-1 at 1–4.) The Court disagrees.

While the Court recognizes that advanced age and hypertension increase the risks posed by COVID-19, *see* Ctrs. for Disease Control and Prevention ("CDC"), *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated May 13, 2021), Defendant does not have "extraordinary and compelling" reasons justifying release because he has been fully vaccinated against the virus. (*See* ECF No. 40 at 7.) "All COVID-19 vaccines currently available in the United States have been shown to be highly effective at preventing COVID-19." *See* CDC, Benefits of Getting a COVID-19 Vaccine, available at: https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html (updated April 12, 2021). In the unlikely case that Defendant were to contract COVID-19 following his vaccination, "[a]ll COVID-19 vaccines currently authorized in the United States are effective against . . . serious outcomes like severe disease, hospitalization, and death." CDC, *Science Brief: Background Rationale and Evidence for Public Health*

3

*Recommendations for Fully Vaccinated People*, https://www.cdc.gov/coronavirus/2019-ncov/science/science-briefs/fully-vaccinated-people.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fmore%2Ffully-vaccinated-people.html (updated April 2, 2021).

This Court finds that Defendant's vaccination status weighs heavily against granting compassionate release in this case. "Although Defendant suffers from several chronic medical conditions, his vaccination significantly mitigates the risk that he will contract COVID-19." *United States v. Grummer*, 08-cr-4402-DMS, 2021 WL 568782, at *2 (S.D. Cal. February 16, 2021) (denying compassionate release where a defendant with chronic heart disease, hypertension, and asthma was fully vaccinated against COVID-19). Defendant's vaccination also lessens the likelihood that he would experience a severe adverse outcome from contracting the virus. Accordingly, Defendant failed to demonstrate "extraordinary and compelling reasons" warranting compassionate release under 18 U.S.C. § 3582(c)(1)(A). As such, the Court declines to consider the suitability of Defendant's sentence under the factors set forth in § 3553(a).

## III.
## CONCLUSION AND ORDER

For the foregoing reasons, Defendant's motion for compassionate release is denied.

**IT IS SO ORDERED.**

Dated: July 1, 2021

Hon. Dana M. Sabraw
United States Chief District Judge